# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**TOMMY HALL**                                                       **PLAINTIFF**
**ADC #105963**

**V.**             **NO. 2:24-cv-00015-BSM-ERE**

**JACKSON,** *et al.*                                          **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.   Discussion:**

     **A.   Background**

*Pro se* plaintiff Tommy Hall, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 1*. Mr. Hall alleges that, on July 22, 2023, another inmate stole his "personal property" and uploaded that information to a prison cell phone resulting in a loss of nearly $10,000. Id. at 1.

He explains that, although he reported this incident to Defendants Jackson, Richardson, and Straughn, they failed to investigate the incident and failed to properly respond to his grievance regarding the incident. He alleges that such conduct violates his due process rights and requests that "[t]he named violators be held accountable."[1] *Id. at 3*.

For the following reasons, Mr. Hall's complaint should be dismissed for failure to state a plausible constitutional claim for relief.

**B.     Analysis**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

---

[1] To state a Fourteenth Amendment Due Process claim, Mr. Hall must allege facts to show that he was "deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003); see also U.S. Const. amend. XIV, § 1. However, Mr. Hall's complaint fails to allege any facts to suggest that any Defendant deprived him of life, liberty, or property. Accordingly, he has failed to state a plausible due process claim.

In deciding whether Mr. Hall has stated a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

Assuming Mr. Hall's allegations are true, he does not have a statutory or constitutional right to an internal investigation. See, e.g. *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) ("[Plaintiff] does not cite, nor have we found, any federal or state court decision, statute, regulation or other source of law that gives [her] an entitlement to an internal investigation by the Sheriff's Office of her complaints of police brutality."); see also *Hendrickson v. Schuster*, 2018 WL 1597711, at *12 (W.D. Ark. Apr. 2, 2018) (finding no constitutional claim based on prisoner's allegation that county failed to adequately investigate his sexual assault complaint); *Jacoby v. PREA Coordinator*, 2017 WL 2962858, at *4-5 (N.D. Ala. Apr. 4, 2017) (holding that an alleged failure to investigate the plaintiff's allegations of being held hostage, beaten, and raped by other inmates, combined with a failure to properly collect evidence and comply with PREA's requirements, were

insufficient to state any constitutional violations); *Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004) (providing that a §1983 claim must be based upon an alleged violation of a federal constitutional or statutory right).

In addition, although Mr. Hall alleges that Defendants failed to properly process his grievance, the law is settled that an inmate does not have a constitutional right to an inmate grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

As a result, Mr. Hall has failed to state a plausible constitutional claim for relief.

### III.  Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Hall's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

Dated 25 March 2024.

                                                              *[signature]*
_____
UNITED STATES MAGISTRATE JUDGE